IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MARION WILLIAMS and NELL WILLIAMS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2005-D, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2005-D, and PHH MORTGAGE CORPORATION, )<br>)<br>Defendants. ) | No. 2:20-cv-02919-SHL-cgc |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

Before the Court is Plaintiffs Marion Williams and Nell Williams' Motion for Reconsideration (ECF No. 46) and Defendants Deutsche Bank National Trust Company, as Trustee For Home Equity Mortgage Loan Asset-Backed Trust Series INABS 2005-D, Home Equity Mortgage Loan Asset-Backed Certificates Series INABS 2005-D ("Deutsche Bank") and PHH Mortgage Corporation, as Successor by Merger to Ocwen Loan Servicing, LLC's ("PHH MC") (collectively, the "Defendants") Response. (ECF No. 47.)

On June 18, 2025, the Court ordered the Parties to provide a status update, in which the Parties were to "inform[] the Court of the status of the matter, including whether any additional negotiations have taken place and the status of any such negotiations," that may have resolved the underlying matter. (ECF No. 48.) On July 2, 2025, Defendants filed a status report, in which they indicated that they sent Plaintiffs a letter, via certified mail, and attempted to contact an

attorney who has represented them in multiple related matters. (ECF No. 49.) Neither Plaintiffs nor their counsel responded to those communications.

For the following reasons, the Motion is **DENIED**.

## **BACKGROUND**

This was the second lawsuit involving Plaintiff Marion Williams and his allegation that his home was wrongfully foreclosed after his loan servicer failed to timely notify him that his loan modification application had been approved. (See Williams v. Ocwen Loan Servicing, LLC, No. 2-18-cv-02802-SHL-cgc (W.D. Tenn. Dec. 30, 2019)). Since the Court entered judgment in this case on January 26, 2022 (ECF No. 41), and denied Plaintiff's Motion to Alter Judgment on May 20, 2022 (ECF No. 45), Plaintiffs have filed two additional lawsuits related to the same foreclosure. The first, Alexandra-Williams & Williams v. Deutsche Bank National Trust Company, et al., 2:23-cv-02409-TLP-cgc, aff'd, Alexandria-Williams v. Deutsche Bank Nat'l Tr. Co., No. 24-5623, 2025 WL 591362 (6th Cir. Feb. 24, 2025), was dismissed in part on res judicata grounds. The second, which the Court noted raised many of the issues previously decided and involved the same parties as at least some of the previous lawsuits, was recently dismissed for failure to prosecute. See Alexandra-Williams & Williams v. Deutsche Bank National Trust Company, et al., 2:25-cv-02589-SHL-tmp.

The basis for the Motion for Reconsideration in this case is that, at the time the case was dismissed, "Defendants owed Plaintiff money for insurance claims that had not been paid, as well as for renovations and for Plaintiff's initial down payment," and "Plaintiff was engaging in good faith negotiations with Defendants despite trying circumstances [and] feels those negotiations should be allowed to go forward." (ECF No. 46 at PageID 374.) However, in the

2

status report, Defendants note "that any such negotiations that may have taken place have since concluded and there are no active negotiations." (ECF No. 49 at PageID 389.)

## APPLICABLE LAW

Rule 59(e) establishes the timeline for filing a motion to alter or amend judgment, explaining that such a motion "must be filed no later than 28 days after the entry of the judgment." There are four bases for securing relief under Rule 59(e): "if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." Michigan Flyer LLC v. Wayne Cnty. Airport Auth., 860 F.3d 425, 431 (6th Cir. 2017) (citing Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010)). Rule 59(e) does not provide "an opportunity to re-argue a case," as "a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then reopen the case by amending their complaint to take account of the court's decision." Id. (citations and quotations omitted). "A motion to alter or amend allows 'the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings.'" Puckett v. Ain Jeem, Inc., No. 1:23-cv-1143-STA-jay, 2024 WL 3451581, at *1 (W.D. Tenn. Apr. 16, 2024) (quoting Howard v. United States, 533 F.3d 472, 475 (6th Cir. 2008)).

## ANALYSIS

Plaintiffs do not cite to Rule 59(e), let alone articulate which of its four bases might provide them entitlement to relief. There is no allegation that the Court made a clear error of law, that there was newly discovered evidence, or that there was an intervening change in controlling law. Denying Plaintiffs relief would also not result in manifest injustice. "Although there is no general definition of manifest injustice, some courts find it 'requires that there exist a

3

fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy.'" Woody v. Aurora Com. Corp., No. 15-CV-2747-SHM-tmp, 2018 WL 3589107, at *3 (W.D. Tenn. June 8, 2018), aff'd, 779 F. App'x 348 (6th Cir. 2019) (quoting McDaniel v. Am. Gen. Fin. Servs., Inc., No. 04–2667B, 2007 WL 2084277, at *2 (W.D. Tenn. July 17, 2007)).  Here, there is no manifest injustice, as Plaintiffs have not identified a fundamental flaw in the Court's decision, let alone one that would result in an inequitable result not in line with applicable policy.

Instead, Plaintiffs seems to suggest that they should be allowed to continue to negotiate a resolution to their lawsuit.  But Defendants explain that, to the extent there ever were such negotiations, they have ceased.  The Court afforded Plaintiffs the opportunity to address that contention—or any other that would warrant further reconsideration of the Court's judgment—but Plaintiffs were non-responsive.

Given the foregoing, and because Plaintiffs have failed to establish any grounds for setting aside the judgment, the Motion is **DENIED**.

**IT IS SO ORDERED,** this 18th day of September, 2025.

s/ Sheryl H. Lipman  
SHERYL H. LIPMAN  
UNITED STATES DISTRICT JUDGE
